UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| EDNA BRIGHT, | ) | |
| | ) | |
| v. | ) | Case No. 4-16-cv-55 |
| | ) | *Mattice/Steger* |
| PAUL BRADEN *et al.* | ) | |

REPORT AND RECOMMENDATION

I. Introduction

This action arises from the Lincoln County property tax assessment of Plaintiff's home from 2009 to 2014. Edna Bright brings this action pursuant to 42 U.S.C. § 1983 against Paul Braden, County Assessor for Lincoln County; Mark Aaron, Administrative Judge of the State Board of Equalization; and Kelsie Jones, Administrative Judge of the Tennessee State Board of Equalization, Assessment Appeals Commission.[1] Plaintiff has filed an application for *in forma pauperis* status [Doc. 4]. For the reasons stated herein, it is RECOMMENDED this action be dismissed.

II. Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

---

[1] Edna Bright has brought several actions *pro se* in this Court: Case Nos. 4:94-cv-17, 4:94-cv-80, 4:11-cv-56, 4:13-cv-5, and 4:15-cv-61. All have been dismissed. This case and Case Nos. 4:16-cv-51 and 4:16-cv-53 are pending.

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges that Defendant Braden in his position as county assessor improperly assessed her home, located at 1216 McDonald Street in Fayetteville, Tennessee, as having more value than it did. Specifically, she alleges that her home is a manufactured home and that Defendant Braden is not properly trained to make property assessments of manufactured homes and did not use the proper standards to make his assessment of her home. Plaintiff appealed the tax assessment to the Tennessee State Board of Equalization. Administrative Judge Mark Aaron denied her appeal [Doc. 1-1, Page ID # 11-16] and Plaintiff

appealed this decision to the Assessment Appeals Commission where Administrative Judge Kelsie Jones found Plaintiff's appeal to be without merit [Doc. 1-1, Page ID # 19-20]. Plaintiff alleges Defendant Aaron "committed perjury when he stated in his ruling that 'taxpayer failed to carry her burden to demonstrate a fair market value lower than 2014'" [Doc. 1, Complaint at 4]. Plaintiff also alleges that Jones "committed fraud when he signed the final decision and order as a judge, which he is not" [*Id.*]. She requests, *inter alia,* that any overpayment in property taxes be returned with interest, that "the assessment of [her home] should be void," that the County Assessor's Office be required to undergo training, and that she be awarded damages for pain and suffering and punitive damages from Defendant Braden.[2]

The Tax Injunction Act, 28 U.S.C. § 1341 ("Act"), provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act prohibits district courts from issuing a declaratory judgment or an injunction. *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982). The purpose of the Act is "to limit drastically federal interference in the administration of state taxes when a plain, speedy and efficient state remedy is available." *Id.* at 419 (internal quotation marks omitted); *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976) ("A federal district court is under an equitable duty to refrain from interfering with a State's collection of its revenue except in cases where an asserted federal right might otherwise be lost."); *King v. Sloane*, 545 F.2d 7 (6th Cir. 1976) ("The federal courts will not entertain actions for relief from State or local taxes unless federal rights are protected in no other way."). "[A] district court does not have jurisdiction over state and

---

[2] Plaintiff Bright filed a nearly identical action in this Court in 2015 against Defendant Paul Braden arising from the tax assessment of her home in Case No. 4:15-cv-61. This action was dismissed on the same grounds that I recommend the instant action be dismissed.

local tax matters where a 'plain, speedy and efficient remedy' is available in state court." *Colonial Pipeline Co. v. Morgan*, 474 F.3d 211, 218 (6th Cir. 2007) (quoting 28 U.S.C. § 1341). Additionally, the Supreme Court has held that taxpayers are barred from asserting §1983 actions against the validity of state tax systems in federal court, unless there is no plain, adequate and complete state remedy. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981) (rendering determination on the principle of comity rather than the Act).

"A state remedy is plain, speedy and efficient if it provides the aggrieved party with a 'full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax,' with ultimate review available in the United States Supreme Court." *Colonial Pipeline*, 474 F.3d at 218 (quoting *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 514 (1981)). "State procedures that call for an appeal to a state court from an administrative decision meet these minimal criteria." *Id.* (quoting *Northwest Airlines, Inc. v. Tenn. State Bd. of Equalization*, 11 F.3d 70, 72 (6th Cir. 1993)). Claims of substantive inadequacy of the state court remedy will not provide the basis for district court jurisdiction. *Northwest Airlines*, 11 F.3d at 73; *see also Huber Pontiac, Inc. v. Whitler*, 585 F.2d 817, 821 (7th Cir. 1978) (futility of state court proceedings does not render remedy inadequate, even if plaintiff is faced with recent, dispositive state court opinion contrary to its position).

Tennessee law provides that an aggrieved taxpayer may appeal the actions of the county or local board of equalization to the state board of equalization and that the final decisions of the state board of equalization are subject to judicial review in the state courts and ultimately the United States Supreme Court. *See* Tenn. Code Ann. §§ 67-5-1412 & -1511. Tennessee's procedures for appealing property tax assessments provide aggrieved taxpayers with a plain, speedy and efficient state remedy. Nothing in this procedural scheme prevents the taxpayer from raising constitutional

objections to the tax in state court. *See, e.g., Grace Brethren Church*, 457 U.S. at 414 (explaining sufficiency of tax scheme allowing appeal of tax decision to state agency, appeal to state trial court, appeal to higher state courts and ultimately seek review in the U.S. Supreme Court).

Plaintiff is seeking, in essence, to enjoin and/or suspend levy and collection of property taxes against her under state law. Because Tennessee has a plain, adequate, and complete state remedy for Plaintiff even if the results are contrary to Plaintiff's position and belief, the Act applies and operates to deprive the district court of jurisdiction to hear Plaintiff's challenges to the state tax system. I therefore **CONCLUDE** that pursuant to 28 U.S.C. § 1341 the Court does not have jurisdiction over this matter, and I do not reach the merits of her pauper's application.

Additionally, to the extent Plaintiff is contesting the validity of the property tax assessment or the actions of a Tennessee state court, the *Rooker-Feldman* doctrine would bar Plaintiff's claim. "The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). This doctrine "applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Id.* at 298-99. Thus, to the extent that Plaintiff is asserting claims arising from the Tennessee state court's actions or decisions regarding the validity of the property tax assessment for Plaintiff's property, such claims are barred by the *Rooker-Feldman* doctrine and should be dismissed.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted due to this Court's lack of jurisdiction.[3]

                                              s\ *Christopher H. Steger*
                                              CHRISTOPHER H. STEGER
                                              UNITED STATES MAGISTRATE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).